IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| JOSE ALTAGRACIA CASTILLO | * | |
| Petitioner | * | |
| vs | * | CIVIL NO. 07-2067(CCC) |
| UNITED STATES OF AMERICA, | * | Related No. 00-730(CCC) |
| Respondent | * | |

_____

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 habeas corpus petition (D.E. #1).[1] Respondent filed a Response to the Petition (D.E. #3). For the reasons discussed below, the Court finds the Petition shall be DENIED.

I. BACKGROUND

On September 21, 2000, a Sealed Indictment was filed against Petitioner José Altagracia Castillo (hereinafter "Petitioner" or "Altagracia Castillo") and twenty six (26) other co-defendants (Crim.D.E. 2). On October 25, 2000, a Superseding Indictment was filed against Petitioner and twenty seven (27) other co-defendants (Crim. D.E. 25). On February 14, 2001, a Second Superseding Indictment was filed against Petitioner and twenty eight (28) other co-defendants (Crim. D.E. 106). On February 26, 2001, Petitioner was arrested, had his Initial Appearance and was detained pending future detention hearing (Cri. D.E. 139 & 140). On February 28, 2001, Altagracia Castillo was ordered detained without bail pending trial (Crim. D.E. 145). On August 12, 2002, Petitioner entered into a Plea Agreement with the United States and plead guilty to count one (1) of the Second Superseding Indictment (Crim. D.E. 509 & 510).

Count One (1) of the Second Superseding Indictment charged the Petitioner, along with other co defendants, with a conspiracy to possess with intent to distribute and to

_____

[1]D.E. is an abbreviation of docket entry number.

CIVIL 07-2067CCC                           2

distribute in excess of five (5) kilograms of cocaine, all in violation of 21 United States Code Section 846 (Crim. D.E. 509 & 510).

On January 24, 2003, Petitioner was sentenced; Judgment was entered on January 31, 2003 (Crim. D.E. 669 & 678). Altagracia Castillo was sentenced to a total amount of imprisonment of two hundred and ten months (210), a term of supervised release of five (5) years and a Special Monetary Assessment of one hundred dollars ($100.00) (Crim.D.E. 678). On February 5, 2003, Petitioner filed a notice of Appeal (Crim.D.E. 693). On August 4, 2005, the First Circuit Court of Appeals vacated Petitioner's sentenced and remanded the same for sentencing United States v. Altagracia Castillo, 145 Fed.Appx. 683 (not selected for publication).[2] On May 4, 2006, the District Court, pursuant to the remand issued by the First Circuit Court of Appeals re sentenced Petitioner to one hundred and sixty eight months (168) of imprisonment, a supervised release term of five years (5) and a special monetary assessment of one hundred dollars ($100.00),[3] (Crim.D.E. 985).

On May 15, 2006, Petitioner filed a notice of appeal as to his amended judgment (Crim.D.E. 986). On July 17, 2007, the Court of Appeals for the First Circuit issued its Final Judgment affirming Petitioner's sentence (Crim.D.E. 1012). On November 7, 2007, Altagracia Castillo filed a Motion to Correct or Set Aside Sentence pursuant to 28 United States Code Section 2255 (D.E. 1). On January 11, 2008, the United States filed its response to said motion (D.E. 3). As such the case is ready for disposition by this Court.

---

[2] At issue in the appeal was a two level enhancement in Petitioner's Sentencing Guideline determination for his role as leader in the offense for which he was convicted. The Appeals Court determined that the evidence did not support such enhancement and therefore the remand for sentencing.

[3] The Court in its re sentence followed the First Circuit Court's mandate and did not apply the two (2) level enhancement.

CIVIL 07-2067CCC                                      3

II. DISCUSSION

In his Petition under 28, U.S.C. Sec. 2255, Petitioner alleges his conviction should be vacated or set aside due to ineffective assistance of counsel at the appellate level. Petitioner claims that appellate counsel was ineffective in three areas. First, Petitioner contends that the brief filed by counsel was incomplete and Petitioner therefore had to act pro se. Second, that appeal's counsel failed to establish the ineffectiveness of defense counsel by not asserting how co-defendant's testimony could have been effectively rebutted. Third appeals counsel failed to argue matters pertaining to Petitioner's qualification for safety valve and reduced sentence due to Altagracia Castillo's cooperation.

A. 28 U.S.C. Sec. 2255 standards and exhaustion requirements

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

    1.    the sentence was imposed in violation of the Constitution or laws of the United States...

    2.    the court was without jurisdiction to impose the sentence

    3.    The sentence was in excess of the maximum authorized by law or...

    4.    The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well-settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. United States v. Essig, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice," United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice."  Murray v.

CIVIL 07-2067CCC                             4

Carrier, 477 U.S. 478, 496 (1986).  The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

  B. Claims of Ineffective Assistance of Counsel

  In the instance case Petitioner has raised his allegation of ineffective assistance of counsel claim at the appeals level. To establish ineffective assistance of counsel, a defendant must show that:

    1. His attorney's performance was deficient, and

    2. The deficient performance prejudice his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688.  Under Strickland counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689.  To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

  A claim of ineffective assistance of counsel should therefore first address Altagracia Castillo's non compliance with the requisites in Strickland v. Washington, 466 U.S. 668 (1984). It is pellucidly clear that Petitioner was obligated to show both counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. Strickland, 466 U.S. at 687.  See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990).  Counsel's performance must be examined "not in hindsight, but based on what

CIVIL 07-2067CCC                                           5

the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. See Strickland, 466 U.S. at 689. Therefore the Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Under Strickland Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm such actions caused. Petitioner has failed to do so in this case. Mere assertions of ineffective assistance of counsel with claims of incomplete appeals brief, or lack of arguing issues which Petitioner thought should have been argued on appeal are insufficient.

Petitioner in this case does not show cause for his failure to raise his arguments related to trial strategy and sentencing issues on direct appeal. Petitioner makes no argument regarding why he did not raise his claim on appeal, much less point to "some objective factor external to the defense" that prohibited him from raising this claim. Petitioner merely raises the issues of trial strategy and sentencing matters as ineffective assistance of counsel matters and violations of section 2255.

Altagracia Castillo must be able to satisfy both prongs of the Strickland test in order to prevail in his claim of ineffective assistance of counsel. The burden placed on an appellate counsel is significant, and courts are reluctant to second- guess tactical decisions. Appellate counsel is expected to cull from the many non-frivolous arguments the best, and advocate only those with merit Jones v. Barnes, 463 U.S. 259. 289 (1983). In order to show that appellate counsel was ineffective Altagracia Castillo must demonstrate that the ignored issues by counsel were clearly stronger than those which he choose to advance. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance be overcome." Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996). Petitioner must also be able to establish prejudice as a result of counsel's actions Smith v.

CIVIL 07-2067CCC                                          6

Robbins, 528 U.S. at 288.  Altagracia Castillo has failed to meet this burden.  In his petition Altagracia Castillo makes general conclusory allegations that appellate counsel was ineffective with general complaints of counsels performance.  These complaints fall short of the burden which Petitioner must meet in order to have a viable claim of ineffective assistance of counsel.

Counsel's conduct is not to be judged in hindsight.  Strickland, 466 U.S. at 689. Furthermore, mere assertions without any evidentiary support such as those made by Petitioner are insufficient to warrant collateral relief.  Cody v. United States, 249 F.3d 47(1st Cir. 2001).

A review of the record indicates that originally appellate counsel was able to obtain a vacatur of the sentence imposed.  It is in Petitioner's second appeal that his judgment was affirmed.  A review of the Judgment indicates that Petitioner's counsel raised what he believed to be the strongest appealable issue.  While appellate counsel was unsuccessful his lack of success does not surmount to ineffective assistance of counsel.  Simply put Altagracia Castillo's claim of ineffective assistance of counsel is without merit and unsupported by the record and should therefore be rejected.

Petitioner contends that he is entitled to a further reduction of his sentence, specifically of his base offense level, due to a safety valve or cooperation on his part.  Petitioner is bared from raising his safety valve allegation pursuant to the Judgment issued by the First Circuit Court of Appeals.  Therefore, since on direct appeal the Court addressed Petitioner's safety valve allegations, the issue is foreclosed and may not be revisited collaterally.  Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996).

As to his allegation of cooperation this issue was never raised on direct appeal it is therefore also barred from any collateral review.  Procedurally defaulted claims cannot be heard on the merits on collateral review unless the prisoner can meet one of two narrow exceptions.  The first requires that Petitioner demonstrate  cause for each failure to raise the

claim earlier, and second Petitioner must demonstrate actual prejudice resulting from the alleged error. United States v. Frady, 456 U.S. 152, 170 (1982). The cause and prejudice standard require that Petitioner show not only "some objective factor external to the defense" impeded his efforts to raise the issue earlier; but also that the error Petitioner alleges "worked to his actual and substantial disadvantage, infecting his entire trial with error." Frady, 456 U.S. at 170, Coleman v. Thompson, 501 U.S. 722 , 753 (1991). If a Petitioner cannot show cause and prejudice, the petitioner must demonstrate actual innocence in order to have is claim considered. Bousley v. United States, 523 U.S. 614, 620-623 (1998). Altagracia Castillo has not met the cause and prejudice standard much less a claim of actual innocence. Therefore, Petitioner's claim cannot be raised for the first time on collateral review. Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993).

Having established that Petitioner was correctly convicted and sentenced of the charges of which he was accused and that his counsel did not incur in ineffective representation, his allegation of ineffective assistance of counsel is hereby DENIED.

III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner JOSE ALTAGRACIA CASTILLO, is not entitled to federal habeas relief on the claim presented. Accordingly, it is ordered that petitioner JOSE ALTAGRACIA CASTILLO's request for habeas relief under 28 U.S.C. Sec. 2255 (D.E. 1) is DENIED, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on June 15, 2009.

S/CARMEN C. CEREZO
United States District Judge